IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MOTION OFFENSE, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:19-cv-00417-ADA |
| v. | § § | |
| SPROUTS FARMERS MARKET, INC., and SPROUTS FARMERS MARKET TEXAS, LP d/b/a SPROUTS FARMERS MARKET, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY UNDER THE CUSTOMER-SUIT EXCEPTION**

# **TABLE OF CONTENTS**

Page

I.  Introduction ................................................................................................................. 1
II. A Consideration of All Factors Weighs Against A Stay ........................................... 4
  A.  Dropbox Does Not Have Standing in The Delaware Action .............................. 4
  B.  Validity Issues Are Only in This Case, Not the Delaware Action ...................... 5
  C.  There is No Convenience to Any Party in Litigating This Matter in Delaware ................. 5
  D.  Infringement Issues Are Simplified in This Case, Not the Delaware Action ..................... 6
  E.  There is No Balance of "Comprehensive Knowledge" That Weighs in Dropbox's Favor  7
  F.  This Court's Standard Schedule Is Much Faster Than the Typical Schedule in Delaware  8
  G.  There is Only One Case In This Dispute ........................................................... 9
III. Factors in Sprouts' Favor Do Not Overcome the Inefficiencies Introduced By A Stay of This Case ................................................................................................................... 9
IV. Conclusion ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438 (E.D.N.Y. 2006) .............................. 2

*Broadsign Int'l, LLC v. T-Rex Prop. AB*, 2018 WL 357317 (S.D. N.Y. Jan. 10, 2018) .................. 4

*Dropbox, Inc. v. Motion Offense, LLC*, No. 1:19-cv-01521 (D. Del. Aug. 14, 2019) ................ 5, 6

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed. Cir. 1993) ............................................ 1, 4

*Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL
   365398 (E.D. Tex. Jan. 25, 2017) .......................................................................................... 6, 9

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011) ....................................... 7

*In re Google*, 588 Fed. Appx. 988 (Fed. Cir. 2014) ................................................................... 6, 9

*In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) ................................................. 2, 6, 9

*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078 (Fed. Cir. 1989) .......................................................... 4

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014) ............................................ 4, 7

*Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335
   (Fed. Cir. 2006) ..................................................................................................................... 2, 4, 9

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ........................................................................ 1, 4

**Statutes**

35 U.S.C. § 271(a) ........................................................................................................................... 1

35 U.S.C. § 271(b) ..................................................................................................................... 7, 10

35 U.S.C. § 293 ................................................................................................................................ 6

I.  Introduction

Sprouts[1] asks this Court to stay the current action under the customer-suit exception in favor of a declaratory judgment action brought by Dropbox[2] in Delaware.[3] A stay in this case would be contrary to law because it would unjustly deprive Plaintiff of its chosen venue and make the underlying dispute in this case significantly less efficient and more complicated. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (under the customer suit exception, there "must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action.").

Plaintiff Motion Offense[4] sued Sprouts, a local grocer, for infringement of U.S. Pat. Nos. 10,013,158 ("the '158 Patent") and 10,021,052 ("the '052 Patent") (collectively, the "Patents") in violation of 35 U.S.C. § 271(a) for Sprouts' own use of computer systems that run certain software. (Complaint, Dkt. 1, ¶ 19). As part of the Complaint, Motion Offense provided charts for three independent claims of the Patents (the "Asserted Claims"). (Complaint, Dkt. 1, ¶¶ 17–19, 29–31, Exs. C–E). Each of the Asserted Claims recites an apparatus that includes a processor to execute certain instructions (Claim 3 of the '158 Patent, Claim 12 of the '052 Patent) or multiple computing nodes (Claim 10 of the '052 Patent). (*Id.*) Plaintiff asserts that Sprouts' ***use of its own computer systems*** directly infringes the Patents under § 271(a).

This case is not a "straightforward application of the customer suit exception," as Defendants argue (Motion to Stay, Dkt. 16, at 3–5). The customer suit exception is not a bright-

---

[1] Defendants Sprouts Farmers Market, Inc. and Sprouts Farmers Market Texas, LP d/b/a Sprouts Farmers Market (collectively, "Sprouts").
[2] Dropbox, Inc. ("Dropbox").
[3] *Dropbox, Inc. v. Motion Offense, LLC*, 1:19-cv-01521 (D. Del. Aug. 14, 2019) (the "Delaware Action").
[4] Plaintiff Motion Offense LLC ("Motion Offense").

1

line rule of, if there is a suit against a manufacturer, you must stay the case against the customer. Rather, "the guiding principles in the customer suit exception cases are *efficiency and judicial economy*." *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) (recognizing that "it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer's suit in Washington.") (emphasis added).

Sprouts argues that, because Sprouts' computer systems use Dropbox Business, Dropbox is the "true defendant" in this matter. (Motion to Stay, Dkt. 16, at 3). According to Sprouts, this matter "presents the archetypal fact pattern for application of the customer suit exception." (*Id.*). Contrary to Sprouts' assertion, the "archetypal fact pattern" for staying a customer suit in favor of a suit involving a manufacturer or supplier involves: (1) a large number of customers (typically resellers), each of which has been sued for infringement, (2) that acts of infringement consist entirely of reselling a manufacturer's accused product, and (3) the manufacturer/supplier suit is located in a *venue much more convenient to resolving the dispute*, usually the home district of the manufacturer/supplier. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014) (holding that the "benefits" of staying cases against eleven reseller customers and "trying the case against Nintendo in the Western District of Washington [Nintendo's principal U.S. place of business] are indisputable."); *see also BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 443 (E.D.N.Y. 2006) (holding the customer suit exception inapplicable when "BBC did not properly file its declaratory judgment action in its home forum" because the exception was created "for the *explicit purpose of deterring forum shopping*.") (emphasis added).

None of these facts are present in this case. Motion Offense has one case—the present case—against one company[5] (Sprouts) accused of using (not simply reselling) its own computer systems. Most importantly, Sprouts asks to stay this case in favor of a suit brought in the District of Delaware, a district that is ***substantially less convenient*** for this matter than the Western District of Texas. Delaware has no relation to the subject matter of this dispute other than being the state of incorporation of Motion Offense, Sprouts, and Dropbox. Unlike the Western District of Texas, neither Sprouts nor Dropbox maintain any operational presence in the state of Delaware. Unlike the Western District of Texas, neither Sprouts nor Dropbox likely maintain any relevant documents or witnesses in Delaware. Staying this case effectively serves to move this dispute farther away from the relevant witnesses and evidence.

Further, as detailed in the Sections below, staying this case in favor of the Delaware Action would only serve to complicate the dispute, not simplify it: the validity of the Patents can *only* be adjudicated in this matter in the Western District of Texas, and determining direct infringement in this matter will be simpler (and thus more efficient) than determining direct infringement or indirect infringement in the Delaware Action. Several additional factors show that this Court can determine Sprouts' infringement of the Patents much more efficiently than can the Delaware court. Those factors include: (1) the Delaware Action is likely to be dismissed; (2) issues of validity are only before this Court because this case is the only case in which validity could even *potentially* be adjudicated; (3) there is no benefit to either Sprouts or Dropbox to litigating this matter in Delaware; (4) infringement issues are simplified in this Court because Sprouts' direct infringement must be determined ***before*** Dropbox's indirect

---

[5] Plaintiff notes that there are two named entities in the Complaint. However, both legal entities represent a single "company," as that term is used herein.

3

infringement; (5) there is no balance of "comprehensive knowledge" that weighs in Dropbox's favor; (6) this Court's standard schedule will move much faster than the typical schedule in Delaware; and (7) there are not multiple cases against multiple customers in this District that should be weighed against a single case in another district. As explained below, the principles of efficiency and judicial economy weigh in favor of denying Sprouts' Motion to Stay.

## II. A Consideration of All Factors Weighs Against A Stay

The customer suit exception recognizes that, in certain situations, a first-filed patent infringement suit against a "customer" may be stayed in favor of a later-filed suit against a supplier or manufacturer. *See generally Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081–82 (Fed. Cir. 1989). "There must, however, be sound reason that would make it ***unjust or inefficient*** to continue the first-filed action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), abrogated on other grounds by *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) (emphasis added); *see also Tegic*, 458 F.3d at 1343 (recognizing that "it would not be demonstrably more efficient to stay the Texas suits in favor of Tegic's manufacturer's suit in Washington.") (emphasis added). As detailed in the sections below, all of the factors in this case demonstrate that it is ***more efficient*** to continue the first-filed action and to deny Sprouts' Motion to Stay.

### A. Dropbox Does Not Have Standing in The Delaware Action

Sprouts' argument is premised on the existence of the Delaware Action. (*See* Motion to Stay, Dkt. 16. at 3–5). However, Dropbox has no standing to bring a declaratory judgment action of noninfringement of the Patents. "[S]uits against a plaintiff's customers are insufficient by themselves to establish a case or controversy between the supplier-plaintiff and the patent holder-defendant." *Broadsign Int'l, LLC v. T-Rex Prop. AB*, 2018 WL 357317, at *3 (S.D. N.Y. Jan. 10, 2018) (citing *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 906–07 (Fed. Cir. 2014). There has been no communication between Motion Offense and Dropbox prior to Dropbox filing

4

the Delaware Action. Motion Offense plans to file a Motion to Dismiss the Delaware Action on or before October 7 for at least these reasons.

### B. Validity Issues Are Only in This Case, Not the Delaware Action

Only this Court can resolve issues regarding the validity of the Asserted Patents. Dropbox's Complaint in the Delaware Action neither questions the validity of the Asserted Patents nor asks the Delaware court to opine on the validity of the Asserted Patents. *See Dropbox, Inc. v. Motion Offense, LLC*, No. 1:19-cv-01521 (D. Del. Aug. 14, 2019), Dkt. 1. Even if the Delaware court believes Dropbox has standing to maintain the Delaware Action—which it does not—the Delaware court **cannot decide validity**. Sprouts also does not directly raise the question of validity. (*See* Sprouts' Answer to Complaint, Dkt. 17, at 6–8). Sprouts merely reserves "all affirmative defenses." (*Id.* at 7). To the extent validity issues may be raised by either Sprouts or Dropbox, only Sprouts has reserved the right to do so. Thus, only in this action may the infringing party raise issues of validity.[6] Thus, this Court has all issues before it while the Delaware court is only asked to determine infringement. Only this Court can fully resolve the dispute between the parties.

### C. There is No Convenience to Any Party in Litigating This Matter in Delaware

Sprouts' principal places of business are Austin, Texas and Phoenix, Arizona. (*See* Sprout's Answer to Complaint, Dkt. 17, at 1 (admitting ¶¶ 2–3 of the Complaint)). Dropbox's principal place of business is San Francisco, California (*Dropbox, Inc. v. Motion Offense, LLC*, No. 1:19-cv-01521 (D. Del. Aug. 14, 2019), Dkt. 1 at ¶ 3), and Dropbox maintains significant

---

[6] Motion Offense notes that—to the extent Dropbox did not raise validity in the Delaware Action to avoid implicating the one-year time bar on Dropbox filing an *inter partes* review ("IPR") with the U.S. Patent Trial & Appeal Board ("PTAB"), *see* 35 U.S.C. § 315(a) (barring IPR after one year from "a civil action challenging *the validity* of a claim of the patent")—relying on the PTAB and its extended IPR timeline (when compared with this Court's timeline) instead of adjudicating validity in this Court also constitutes a wasteful duplication of judicial resources.

operations in Austin, Texas. (*See* Ex. 1). Dropbox does not maintain an office in Delaware. (*See* Ex. 2). Sprouts does not maintain an office or any stores in Delaware. (*See* Exs. 3–4).

There is no efficiency, judicial or otherwise, to be gained in requiring people, documents, and things to be transported from Texas, Arizona, and/or California to Delaware. ***This factor alone distinguishes the instant case from every decision cited by Sprouts***. *See Nintendo*, 756 F.3d at 1366 (Fed. Cir. 2014) ("The benefits of trying the case against Nintendo in the Western District of Washington [Nintendo's principal U.S. place of business] are indisputable."); *In re Google*, 588 Fed. Appx. 988 (Fed. Cir. 2014) ("Many of the witnesses who can testify to the design and development of the [accused product] reside near Google's headquarters in Mountain View, California," within the Northern District of California, to which the case was transferred); *Global Equity Mgmt. (SA) Pty. Ltd. v. Ericsson, Inc.*, No. 2:16-cv-00618-RWS-RSP, 2017 WL 365398 (E.D. Tex. Jan. 25, 2017) (transferring to the Eastern District of Virginia, the district that 35 U.S.C. § 293 requires for lawsuits against non-resident patentees).

Requiring all parties to litigate this matter in a different venue (Delaware) in which no party has an operational presence to the exclusion of a venue (Texas) chosen by Plaintiff and in which Sprouts and Dropbox have a significant operational presence is the ***definition of inefficient***.

### D.  Infringement Issues Are Simplified in This Case, Not the Delaware Action

This case, not the Delaware Action, would efficiently resolve direct infringement issues. Only Sprouts' infringing activities are at issue in this case. To the extent Dropbox alleges that Sprouts' direct infringement gives rise to subject matter jurisdiction in the Delaware Action on a theory that Dropbox *induces* Sprouts' direct infringement, this allegation only serves to complicate the infringement analysis. *See Dropbox, Inc. v. Motion Offense, LLC*, No. 1:19-cv-01521 (D. Del. Aug. 14, 2019), Dkt. 1, ¶ 18 (asking for declaratory judgment that "use of

Dropbox Business does not infringe claim 3 of the '158 patent, *directly or indirectly*.") (emphasis added).

Induced infringement under 35 U.S.C. § 271(b) requires (1) actual, underlying direct infringement, and (2) an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765–66 (2011). Thus, a customer's underlying use of a Dropbox product (e.g., Sprouts' direct infringement) is only part of an infringement analysis against Dropbox. By contrast, Sprouts' direct infringement of the Patents is the ***only*** issue of infringement at stake in this matter. This Court need not wade into subsequent questions of whether or not Dropbox possessed the appropriate knowledge to induce Sprouts' direct infringement.

Further, Sprouts states that it is willing to be "bound by the outcome of the Delaware Action, meaning that resolution of the Delaware Action will resolve the liability issues in this case." (Motion to Stay, Dkt. 16, at 4). This statement ignores the fact that Sprouts may still be found to infringe the Patents ***even if*** Dropbox is not found to induce infringement of the Patents. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) ("Absent the knowledge and affirmative act of encouragement, no party could be charged with inducement."). The Delaware case involves different issues and would not resolve the dispute between the parties.

### E. There is No Balance of "Comprehensive Knowledge" That Weighs in Dropbox's Favor

Sprouts argues that "Dropbox has comprehensive knowledge of the design and operation of its Dropbox Business service." (Motion to Stay, Dkt. 16, at 1). What is relevant to the current issue, however, is the ***balance*** of knowledge, i.e., whether Sprouts or Dropbox actually possesses the relevant information of infringement for this case. Evidence of Sprouts' ***use*** of systems that

7

rely on Dropbox software is the primary evidentiary issue in this matter. The evidence of Sprouts' use is within the custody and control of Sprouts, not Dropbox. Sprouts' evidence is most likely located in the Western District of Texas or the District of Arizona, not Delaware.

Sprouts may argue that Dropbox's "comprehensive knowledge of the design and operation of its Dropbox Business service" has evidentiary primacy in this dispute. Even if this is true, Sprouts has provided no reason why it is more efficient to deal with this evidence in Delaware rather than Texas. If the "design and operation" of Dropbox Business is important to this case, that evidence is available via third-party discovery. To the extent that this is somehow more burdensome on Dropbox than regular discovery, proceeding with the Delaware Action would then subject Sprouts to third-party discovery since, again, the evidence of Sprouts' use (i.e., the underlying direct infringement) is needed to show any induced infringement by Dropbox. There is no reason to suppose that this situation—subjecting Sprouts to third-party discovery rather than Dropbox—is somehow a more efficient process than simply allowing this case to proceed.

In either the instant suit or the Delaware Action, the key evidence is most likely located in Texas, California, or Arizona (not Delaware). If Dropbox wants to efficiently resolve its "direct interest in addressing Motion Offense's claims," (Motion to Stay, Dkt. 16, at 1), Dropbox could seek to intervene in this case, in a venue much more convenient and proximate to the locus of evidence.

### F. This Court's Standard Schedule Is Much Faster Than the Typical Schedule in Delaware

According to this Court's default schedule in patent cases, claim construction is scheduled for 23 weeks following a Case Management Conference ("CMC"), dispositive motions are due 34 weeks after the claim construction hearing, and trial begins ~10 weeks after

dispositive motions are due. Thus, in this case, the claim construction hearing would occur around mid-March 2020, and trial would begin around the end of January 2021. According to publicly-available statistics, patent cases assigned to Judge Andrews in Delaware take an average of 502 days *just to get to claim construction*. Thus, this Court will have heard (and most likely decided) dispositive motions before the Delaware court even has had a chance to even construe the claims. Maintaining this case in the Western District of Texas is a more efficient use of judicial resources.

### G.  There is Only One Case In This Dispute

One of the traditional efficiencies gained by the customer suit exception—consolidation of cases against a large number of customers—simply is not present in this case. In the vast majority of cases in which a first-filed customer suit is stayed in favor of a later-filed suit under the customer suit exception, there are *multiple customer suits* at issue. *See e.g.*, *Nintendo*, 756 F.3d at 1364 (eleven customers); *Tegic*, 458 F.3d at 1337 (forty-eight customers), *Google*, 588 Fed. Appx. At 989 (five customers); *Global Equity Mgmt.*, 2017 WL 365398 at *2 (thirty-one customers).

Granting a Motion to Stay based on the customer suit exception is premised, at least in part, on the efficiencies gained by deciding issues common to multiple customer cases in a single, manufacturer case. This case does not present any such efficiency. There is one case in Texas and one case in Delaware. Even if all other factors were equal, it is not more efficient to litigate one case in one venue versus one case in a different venue. And, as noted throughout Section II above, Delaware is not a more efficient venue for this matter.

### III. Factors in Sprouts' Favor Do Not Overcome the Inefficiencies Introduced By A Stay of This Case

Sprouts presents two arguments in support of its Motion to Stay: (1) Sprouts "agrees to be bound by the outcome of the Delaware Action," *id.* at 4, and (2) that Dropbox is the "true defendant," Mot. at 3. Neither of these arguments overcome the inefficiencies introduced to this case by moving the controversy to Delaware. First, as noted in Section II.C above, the Delaware Action will not address any issues of validity of the Asserted Patents. Sprouts has expressly reserved the right to assert other defenses, including invalidity, in this case. Even if Sprouts agrees to be bound by the Delaware court's decision, that decision ***will not impact the validity of the Asserted Patents***. Thus, even after a finding of infringement by the Delaware court, this Court would likely have to take up validity issues.[7] Taking up validity issues without the synergies involved in also handling claim construction and infringement issues would not be an efficient use of this Court's time.

Second, as discussed in Section II.B above, Dropbox's potential induced infringement under 35 U.S.C. § 271(b) necessarily requires analyzing Sprouts' direct infringement *first*. Allowing the Delaware case to proceed (a case that requires analysis of direct infringement and indirect infringement) instead of the instant case (a case that only requires analysis of direct infringement) would also not be an efficient use of judicial resources.

IV. **Conclusion**

Motion Offense respectfully requests that the Court deny Sprouts' Motion to Stay this action. In the alternative, Motion Offense respectfully requests that the Court deny Sprouts' Motion pending the Delaware court's decision on Motion Offense's soon-to-be-filed Motion to Dismiss.

Respectfully submitted,

---

[7] It seems unlikely that Sprouts would not attempt to assert an affirmative defense of invalidity of the Patents after a finding of infringement.

10

Dated: September 13, 2019            By: */Benjamin R. Johnson/*
                                           Benjamin R. Johnson
                                           Texas State Bar No. 24065495
                                           Aakash S. Parekh
                                           Texas State Bar No. 24059133
                                           TOLER LAW GROUP, PC
                                           8500 Bluffstone Cove
                                           Suite A201
                                           Austin, TX 78759
                                           (512) 327-5515
                                           E-mail: bjohnson@tlgiplaw.com
                                           E-mail: aparekh@tlgiplaw.com

                                           *ATTORNEYS FOR PLAINTIFF*
                                           *MOTION OFFENSE, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 13, 2019 the foregoing was filed via the Court's CM/ECF filing system, to be served electronically on all counsel of record in this matter.

*/Angie Blazek/*
Angie Blazek